UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 4:07CR175 JCH |
| GARY C. GERHARDT, et al., | ) | |
| Defendant(s). | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Gary C. Gerhardt's Motion to Reduce, Vacate, Set Aside or Correct the Sentence ("Motion to Vacate"), filed October 28, 2008. (Doc. No. 296). The matter is fully briefed and ready for disposition.

## **BACKGROUND**

On July 31, 2008, Gary C. Gerhardt ("Gerhardt" or "Defendant") pled guilty pursuant to a Plea Agreement, Guidelines Recommendations and Stipulations, to one count of falsifying records at a publicly traded company, in violation of Title 15, United States Code, Sections 78m(b)(2) and (5), and Title 18, United States Code, Section 2. (See Amended Judgment, Doc. No. 294). As relevant to the instant motion, the Plea Agreement stated as follows:

> **2. PLEA AGREEMENTS:**
> **B. The Sentence:**
> ....The government agrees not to seek a sentence above the applicable Guidelines range. The government agrees that it will ask for a sentence within the applicable Guideline range but will not ask for an exact point within that range....
>
> **3. GUIDELINES RECOMMENDATIONS (NOT BINDING ON THE COURT):**
> **D. Acceptance of Responsibility:**
> The parties recommend that two levels should be deducted pursuant to Section 3E1.1(a) because the defendant has clearly demonstrated acceptance of responsibility....

If the deduction pursuant to Section 3E1.1(a) is applied, the government moves to deduct one additional level pursuant to Section 3E1.1(b), because the defendant "timely notified authorities of the intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently."....

**9. PRESENTENCE REPORT AND SENTENCING:**
Following defendant's guilty plea, a Presentence Report will be prepared. At the time of sentencing, the parties reserve the right to allocution regarding the appropriate sentence to be imposed.

(Plea Agreement, Guidelines Recommendations and Stipulations, Doc. No. 258, PP. 2-3, 5-6, 16).

On October 10, 2008, Gerhardt filed his sentencing memorandum. (Doc. No. 280). In its response to Gerhardt's sentencing memorandum, the Government stated as follows:

> A sentence towards the high end of the applicable range of 15-21 months is appropriate for defendant Gary C. Gerhardt....There is no motion for downward [departure] under Section 5K1.1 filed as to Gerhardt....None of the mitigating factors offered by Gerhardt support a sentence below or even at the low end of the applicable guidelines range of 15-21 months....In favor of a higher sentence are the seriousness of the offense, the need to promote respect for the law, need to provide just punishment and need for adequate deterrence to others who would report false information to the public for personal gain.

(Government's Response, Doc. No. 282, PP. 1, 2).[1] The Government concluded its response as follows: "Based on the fact that Gerhardt was giving directions to backdate stock options to Landmann[2], over Landmann's resistance, Gerhardt chose not to stop this fraud, he chose not to cooperate with the government, and he has less mitigating support than the others, the government

---

[1] The Government continued to delineate three flaws in Gerhardt's assertion that his sentence should be the same as the other defendants, as follows: First, the other three defendants cooperated with the investigation and prosecution (albeit belatedly by the Shanahans); second, Gerhardt's conduct was worse than the other defendants; and third, Gerhardt did not have the same mitigating factors in his support as the other defendants. (Doc. No. 282, PP. 7-8).

[2] Steven J. Landmann was the Controller of Engineered Support Systems. (Doc. No. 282, P. 1).

- 2 -

respectfully suggests that a sentence at the low or middle portions of the applicable Guidelines range of 15-21 months is too low." (Id., P. 8).

Gerhardt was sentenced by this Court on October 17, 2008. During the sentencing hearing, the Government argued Gerhardt was given an opportunity early on to cooperate with the Government, but refused. (Sentencing Hearing Transcript, Doc. No. 295, P. 36). After discussing other relevant factors, the Government concluded by asking the Court to impose a sentence within the guidelines range. (Id., P. 41). This Court then sentenced Gerhardt to a fifteen months term of imprisonment, together with a four million dollar fine. (Id., PP. 44, 46).

As stated above, Gerhardt filed the instant Motion to Vacate on October 28, 2008. (Doc. No. 296). In his motion, Gerhardt asserts the Government breached the Plea Agreement by arguing Gerhardt should be sentenced at the high end, rather than the low end, of the guideline range, and by arguing Gerhardt had not fully or timely accepted responsibility, after agreeing he should receive a three point deduction for accepting responsibility in a timely manner. (Id., ¶¶ 2, 3). As relief, Gerhardt requests that this Court set aside his sentence, including the fine, and order that he be resentenced by a different judge. (Id., ¶ 8).

## DISCUSSION

Under Eighth Circuit law, "[o]nce a plea has been entered and it 'rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled.'" United States v. McCray, 849 F.2d 304, 305 (8th Cir. 1988), quoting Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).

> The fact that the district court stated that the government's remark did not influence its decision does not ameliorate the government's breach. The Supreme Court also instructs us that when the government breaches a plea agreement, the defendant is entitled to be resentenced by a different judge. As the Court stated,

> "[w]e emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not the sentencing judge."

Id. at 305-306 (internal citations omitted).

Upon consideration, the Court finds it need not order re-sentencing in this case, as the Government did not violate the terms of the Plea Agreement. First, with respect to the Government's request for a sentence at the high end of the Guidelines range, the Court notes that, as stated above, the relevant provision of the Plea Agreement stated as follows: "The government agrees that it will ask for a sentence within the applicable Guideline range but will not ask for *an exact point* within that range." (Doc. No. 258, P. 3 (emphasis added)). The Court's review of the record reveals the Government abided by that provision; in other words, it asked for a sentence within the applicable Guideline range, albeit at the high end, and did not request an exact point within that range, such as twenty-one months.[3] The language of the Plea Agreement, which both parties agree was highly negotiated, did not preclude the Government from requesting a sentence within a particular portion of the Guidelines range.[4] The Court therefore finds the Government's assertions in its sentencing memorandum did not violate the terms of the Plea Agreement.

With respect to the Government's statements during the sentencing hearing regarding Gerhardt's failure to cooperate, the Court again finds these assertions did not violate the terms of the Plea Agreement. Rather, the Court agrees it was perfectly consistent for the Government to acknowledge Gerhardt accepted responsibility in a manner sufficient to receive the three-level

---

[3] The Court finds no ambiguity in the phrase "exact point," and thus need not construe any such ambiguity against the Government.

[4] This case thus is distinguishable from both Santobello and McCray, as in both those cases the prosecutor agreed to make no recommendation at all as to the sentence to be imposed. See Santobello, 404 U.S. at 258; McCray, 849 F.2d at 305. By way of contrast, here the Government specifically reserved, "the right to allocution regarding the appropriate sentence to be imposed." (Doc. No. 258, P. 16).

deduction pursuant to U.S.S.G. Section 3E1.1, while simultaneously arguing he failed to cooperate as the other defendants did, and should be sentenced accordingly.[5] Gerhardt's Motion to Vacate on this basis must therefore be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Gary C. Gerhardt's Motion to Reduce, Vacate, Set Aside or Correct the Sentence (Doc. No. 296) is **DENIED**.

Dated this 7th day of November, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] This case is distinguishable from United States v. Mosley, 505 F.3d 804 (8th Cir. 2007), for in that case, although the Plea Agreement contained a provision regarding the defendant's entitlement to an adjustment for acceptance of responsibility, the Government nevertheless urged in both its objections to the Presentence Investigation Report and its sentencing memorandum that she was not entitled to an acceptance of responsibility reduction. Id. at 806-807. By way of contrast, in the instant case the Government never disputed Gerhardt's entitlement to the reduction.